IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE EDWARD POWELL, | : | Civil No. 3:22-cv-1985 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN D. CHRISTENSEN, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner George Edward Powell ("Powell") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court order the Bureau of Prisons ("BOP") to correctly calculate and apply his earned time credits ("ETCs") under the First Step Act ("FSA"). (Doc. 1). For the reasons set forth below, the Court will dismiss the habeas petition.

**I.   Background**

Powell is serving a 78-month term of imprisonment for his conviction of distribution of five grams or more of methamphetamine, imposed by the United States District Court for the Southern District of Georgia. (Doc. 9-1, pp. 5-7, Public Information Inmate Data). The BOP conducted a First Step Act assessment and applied 360 days of time credits towards his early release. (Doc. 9-1, 9p. 14-15, FSA Time Credit Assessment). Based on the application of earned time credits, Powell's current projected release date is October 1, 2023. (Doc. 9-1, pp. 6-7).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Powell filed a total of ten administrative remedies. (Doc. 9-1, pp. 8-13). None of those administrative remedies pertain to earned time credits under the FSA. (*See id.*).

In his § 2241 petition, Powell alleges that the BOP failed to properly calculate and apply his earned time credits under the First Step Act.[1] (Doc. 1). He asserts that the BOP has not applied ten months of earned time credits to his supervised release. (*Id.* at p. 7). Respondent contends that Powell's § 2241 petition must be dismissed on the following grounds: (1) the habeas petition is moot because the BOP has applied the earned time credits, as requested; and (2) Powell failed to exhaust his administrative remedies. (Doc. 9). The petition is ripe for resolution.

## II.  Discussion

### A.  The Habeas Petition is Moot

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy

---

[1] The FSA allows eligible inmates who successfully complete certain evidence-based recidivism reduction programming ("EBRRs") or productive activities ("PAs") to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn 10 days of credit for every 30 days of successful participation. *See id.* § 3632(d)(4)(A)(i). Moreover, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn 5 additional days of time credit for every 30 days of successful participation, for a total of 15 days' time credit per 30 days' successful participation. *Id.* § 3632(d)(4)(A)(ii). However, an inmate may not earn time credits for EBRR programs or PAs completed prior to the statute's enactment. *See id.* § 3632(d)(4)(B)(i).

2

requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey*, 556 F.3d at 146-50.

In the present case, Powell seeks the award of earned time credits under the First Step Act and argues that he is entitled to earlier supervised release. Pursuant to the First Step Act, earned time credits can be applied toward earlier placement in pre-release custody or toward a term of supervised release. 18 U.S.C. § 3632(d)(4)(C). On January 19, 2023, the BOP conducted a First Step Act Time Credit Assessment and calculated that Powell had 360 days of credits that have been applied towards his early release. (Doc. 9-1, pp. 14-15). As Powell has received 360 days of credits, he no longer has a concrete, redressable injury. (Doc. 9-1, pp. 14-15). This Court therefore lacks an opportunity to provide Powell with any meaningful relief in this habeas matter, and his challenge is moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). To the extent that Powell seeks a reduction

in sentence based on his argument that he is entitled to more earned time credits, he has admittedly failed to exhaust the available administrative remedies, as discussed below.

### B. Exhaustion of Administrative Review

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is

unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Powell's Administrative Remedy Generalized Retrieval report demonstrates that he failed to exhaust the claims in the instant habeas petition. (Doc. 9-1, pp. 8-13). The record reflects that Powell did not file any administrative remedies concerning FSA time credits. (*Id.*).

Powell concedes that he did not exhaust administrative remedies with regard to his FSA earned time credits and argues that exhaustion would be futile. (Doc. 1, p. 8). Even if Powell thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3

(M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Moreover, while the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding the specific number of earned time credits that Powell is entitled to. This issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Powell's claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials and properly exhausted.

Powell fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"). Consequently, the petition must be dismissed for failure to exhaust administrative remedies. *See Moscato*, 98 F.3d at 762. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Powell to invoke the judicial process despite failing to complete administrative review.

## III.    Conclusion

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

                                                                                      _____
                                                                                      Robert D. Mariani
                                                                                      United States District Judge

Dated: February 16, 2023